UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 1:09-CR-343
:
JORGE L. DAVILA, :
    Petitioner :

*M E M O R A N D U M*

*I.     Introduction*

Petitioner, Jorge Davila, has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. On October 21, 2009, Petitioner was charged in a one-count indictment with possession with intent to distribute more than fifty grams of cocaine base. On April 8, 2010, a superseding information was filed by the government, charging Petitioner with possession with intent to distribute cocaine base. On April 12, 2010, Petitioner pleaded guilty to the lesser charge in the superseding information. Upon receiving the pre-sentence report, we accepted the guilty plea on August 26, 2010. On September 1, 2010, Petitioner was sentenced to ninety-six months imprisonment.

Petitioner argues that his trial counsel was ineffective for failing to instruct him regarding the total offense level and guideline range to which he would be exposed and failing to negotiate a sentence with the government that included future changes to

the sentencing guidelines that occurred as a result of the Fair Sentencing Act.[1]
Petitioner also argues that he is entitled to a reduction in his sentence as a result of the Fair Sentencing Act.

II.	*Discussion*

    *A. Ineffective Assistance of Counsel*

To bring an ineffective assistance of counsel claim, a habeas petitioner must show "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "When the defendant has pleaded guilty, he must show counsel provided 'information that proves to be grossly erroneous and . . . that he would not have plead[ed] guilty in the absence of the erroneous information.'" United States v. Padilla-Castro, 426 Fed. App'x 60, 63 (3d Cir. 2011) (citing Meyers v. Gillis, 142 F.3d 664, 666 (3d Cir. 1998)).

    *1. Failure to Instruct on Total Offense Level and Guideline Range*

Petitioner's first claim arises from an alleged failure on the part of his counsel to "clearly instruct him regarding his total offense level and the guideline range of

---

[1] The Fair Sentencing Act ("FSA") became effective on August 3, 2010. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). The FSA "reduced the crack/powder ratio to approximately 18:1 and changed the threshold quantities of crack cocaine necessary for mandatory minimum sentences." United States v. Whitney, 2012 U.S. App. LEXIS 24315, *2 (3d Cir. 2012). The Act also gave the Sentencing Commission emergency authority to promulgate new guidelines consistent with the law.

2

incarceration to which he would be exposed." (Doc. 61, at 4).  The Third Circuit has spoken directly on this issue, finding that "an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted."  United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007); see also United States v. Mustafa, 238 F.3d 485, 492 (3d Cir. 2001) ("all that the law requires is that the defendant be informed of his/her exposure in pleading guilty.").  Thus, any alleged ineffective assistance provided by defense counsel may be corrected "by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated [Petitioner's] potential sentence."  Shedrick, 493 F.3d at 300.

On April 12, 2010, Petitioner pleaded guilty to a violation of Title 18, 841(a)(1), possession with intent to distribute cocaine base.  During the plea colloquy, the court instructed the Petitioner that the maximum prison term he faced for this charge was twenty years.  (Doc. 57, at 4).  The plea agreement signed by the Petitioner also described the maximum possible sentence for the charge to be twenty years.  (Doc. 27, ¶ 5).  Petitioner argues that his counsel failed to correctly explain his potential guideline range under the United States Sentencing Guidelines.  Even assuming Petitioner was misinformed by counsel, under the present circumstances, this type of error does not amount to ineffective assistance of counsel.  See Mustafa, 238 F.3d at 492, n. 5 ("The law does not require that a defendant be given a reasonably accurate "best guess" as to what his/her actual sentence will be; nor could it, given the vagaries and variables of each defendant's circumstances and offending behavior.").  Because the Petitioner was

3

properly instructed about his potential exposure by the court and the plea agreement, we find that his ineffective assistance of counsel claim lacks merit.

*2. Failure to Consider Future Sentencing Guidelines in Plea Negotiations*

Petitioner also argues that his trial counsel was ineffective for failing to negotiate a sentence with the government that anticipated the future changes to the U.S. Sentencing Guidelines. Petitioner signed a Rule 11(c)(1)(C) plea agreement on April 7, 2010. The government agreed to dismiss the indictment charging Petitioner with a more serious offense in exchange for a guilty plea to the superseding information of a lesser charge. The agreed upon sentence was ninety-six months, which would bind the court if accepted. See FED. R. CRIM. P. 11(c)(1)(C). On April 12, 2010, Petitioner pleaded guilty pursuant to the agreement. The court chose to wait to accept the plea until the pre-sentence report had been received. The plea was accepted on August 26, 2010.

The amendments to the sentencing guidelines, reflecting the changes made in the FSA, became effective on November 1, 2010. At the time Petitioner entered into a plea agreement with the government, the FSA and amended sentencing guidelines were not yet effective, and "there is no general duty on the part of defense counsel to anticipate changes in the law." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). Under these circumstances, we do not find that counsel's representation fell below an objective standard of reasonableness.

### B. Sentencing Guideline Amendments

Petitioner's final ground for relief is that he is entitled to a shorter sentence as a result of amendments made to the sentencing guidelines and 18 U.S.C. § 3582. We will construe his motion as being brought pursuant to § 3582. Because Petitioner has been appointed counsel for the purpose of bringing a motion under this section, his *pro se* motion will be dismissed without prejudice to his right to file a motion seeking similar relief through counsel. See United States v. D'Amario, 268 Fed. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and pro se . . ."); see also United States v. Vampire Nation, 451 F.3d 189, 206 n. 17 (3d Cir. 2006).

### III.　　　Conclusion

Having considered all of the claims, we will issue an order denying the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, see 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22.

　　　　　　　　　　　　　　　　　　／s/ William W. Caldwell
　　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 1:09-CR-343
:
JORGE L. DAVILA, :
    Petitioner :

*O R D E R*

AND NOW, this 11th day of December, 2012, upon consideration of Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (doc. 61) and the government's response thereto (doc. 70), it is ORDERED that:

1. Petitioner's motion (doc. 61) is DENIED.

2. A certificate of appealability is DENIED.

       /s/ William W. Caldwell
       William W. Caldwell
       United States District Judge