UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :
                                 :
          v.                     :   CRIMINAL NO. 1:09-CR-343
                                 :
JORGE L. DAVILA,                 :
          Defendant              :

*M E M O R A N D U M*

*I.       Introduction*

          Jorge Davila filed a *pro se* motion (Doc. 74) seeking to have his 96-month

sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). Because Davila is not eligible for

relief under § 3582(c)(2) as a result of the binding plea agreement he entered into, we will

deny the motion.

*II.      Background*

          Pursuant to the terms of his binding plea agreement under Federal Rule of

Criminal Procedure 11(c)(1)(C),[1] Davila pleaded guilty on April 12, 2010 to one count of

distribution and possession with the intent to distribute crack cocaine in violation of 21

U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The court subsequently sentenced Davila to the

parties' agreed upon term of 96 months of imprisonment. Davila appealed, but the United

States Court of Appeals for the Third Circuit affirmed the judgement of conviction and

_____

          [1] Rule 11(c)(1)(C) permits the parties to a plea agreement to "agree that a
specific sentence or sentencing range is the appropriate disposition of the case, or that
a particular provision of the Sentencing Guidelines, or policy statement, or sentencing
factor does or does not apply (such a recommendation or request binds the court once
the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

sentence. *See United States v. Davila*, 434 F. App'x 107 (3d Cir. 2011). Thereafter, Davila filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. We denied that motion on December 12, 2012. (Doc. 71).

On June 9, 2014, Davila filed the instant *pro se* motion (Doc. 74) seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). In the motion, Davila asserts that his sentence should be reduced because the guidelines range it was based on was subsequently lowered by the United States Sentencing Commission through Amendment 750 to the Sentencing Guidelines.

Consistent with the standard practice of the Middle District of Pennsylvania, we appointed the Federal Public Defender's Office to represent Davila in connection with his § 3582(c)(2) motion. Davila's appointed counsel subsequently filed a motion (Doc. 76) requesting permission to withdraw from the representation on the grounds that no sentence reduction is warranted under the applicable Third Circuit precedent. The matter is ripe for disposition.

III.        *Discussion*

In his *pro se* motion, Davila contends that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) because the guidelines range that formed the basis of his sentence was subsequently lowered by the Sentencing Commission. This argument fails because it starts from a faulty premise: Davila's 96-month sentence stemmed from the parties' binding plea agreement, not a specific guidelines range.

As the Third Circuit has made clear, a defendant–like Davila–who agreed to

a specific term of imprisonment in a Rule 11(c)(1)(C) plea agreement is eligible for a

sentence reduction under § 3582(c)(2) *only if* he can demonstrate that the plea

agreement: (1) "identifies a Guidelines range"; and (2) "demonstrates a sufficient link

between that range and the recommended sentence." *United States v. Weatherspoon*,

696 F.3d 416, 423 (3d Cir. 2012) (citations omitted). "Failure to meet either requirement

is fatal to a defendant's § 3582(c)(2) motion." *Id.*

Here, we will deny Davila's § 3582(c)(2) motion because he has failed to

satisfy either requirement. With respect to the first requirement, the plea agreement (Doc.

27) does not specifically identify a guidelines sentencing range. Nor does it provide the

necessary information from which an applicable guidelines range could be

deduced–Davila's offense level and criminal history category.[2] Thus, the agreement fails

to "identif[y] a Guidelines range" for § 3582(c)(2) purposes. *See Weatherspoon*, 696 F.3d

at 424 ("Because his agreement does not explicitly state his Guidelines range, or his

offense level and criminal history category, and because Weatherspoon cannot otherwise

demonstrate that his criminal history category is 'evident from the agreement itself,' we

cannot conclude that the agreement identifies a Guidelines range.").

Davila has also failed to establish the second requirement. Because no

guidelines range is even identified in the plea agreement, Davila cannot possibly

---

[2] Instead, the agreement provides in pertinent part that "the government and the defendant stipulate and agree that the defendant will be sentenced to a term of imprisonment of 96 months," and that "this sentence is a reasonable sentence under the facts and circumstances of this case." (Doc. 27 at 5-6).

"demonstrate[] a sufficient link between *that range* and the recommended sentence." *Id.* at 423 (emphasis added).

IV.          *Conclusion*

For the reasons discussed above, Davila is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, we will deny his *pro se* motion (Doc. 74) seeking such relief, and grant defense counsel's motion (Doc. 76) requesting permission to withdraw as counsel in this matter. We will issue an appropriate order.

 /s/ William W. Caldwell
William W. Caldwell
United States District Judge

4